UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT D. PARRILLO,
    Plaintiff,

v.                                      C.A. No. 12-696-ML

DAVID and BENJAMIN RANES,
    Defendants.

**MEMORANDUM AND ORDER**

The plaintiff in this litigation, Robert D. Parrillo ("Parrillo"), a Rhode Island resident, seeks to recover certain sums of money he loaned to the defendants David Ranes[1] ("David R.") and Benjamin Ranes ("Benjamin R."), both California residents, to assist with the financing of a movie project. The matter before the Court is Benjamin R.'s motion to dismiss the claims against him for lack of personal jurisdiction.

**I. Factual Background and Procedural History[2]**

On December 27, 2010, Parrillo and David R. met in Warwick,

---

[1] David R. has not yet been served with a summons and the complaint filed by Parrillo on August 9, 2012 (the "Complaint").

[2] The facts are taken primarily from the Complaint and Parrillo's representations in his pleadings to the extent they are not expressly disputed by Benjamin R. As noted herein, David R. has not yet been served. See n. 1.

Rhode Island, and "entered into an oral contract," pursuant to which Parrillo agreed to loan $50,000 to David R. to help finance a movie project. Complaint ¶ 4. According to Parrillo, David R. promised that he would repay the money within three weeks, together with a 30% "bonus." Id. ¶ 5. As per David R.'s request, on December 31, 2010, Parrillo wired $50,000 to Gary W. Moore ("Moore"). Moore is not a party to this litigation. Id. ¶ 6.

On January 8, 2011, Parrillo entered another "oral contract" with David R. and, Parrillo asserts, David R.'s "partner" Benjamin R., for a $100,000 loan to help with the financing of another movie project. Id. ¶ 13. According to Parrillo, David R. promised a 30% "bonus" for extending the loan for a two month period, as well as a 2% ownership interest in the movie project. Id. ¶¶ 14, 15.

On January 11, 2011, as requested by David R., Parrillo wired the funds to an account bearing Benjamin R.'s name. Id. ¶ 17. According to Parrillo, David R. then "borrowed" Parrillo's credit card and incurred $2,324 in car rental charges, which David R. promised to repay within two weeks. Id. ¶¶ 30-35.

Parrillo's Complaint further alleges that, on April 1, 2011, David R. promised to pay Parrillo a $70,000 "late fee" because the loans and bonuses had not been repaid as promised. Id. ¶ 26. On September 26, 2011, David R. repaid the $50,000 loan to Parrillo; however, he did not pay the "bonus" or "late fee," nor did he reimburse Parrillo for the charges on Parrillo's credit card. Id.

2

¶¶ 8, 18, 27, 34.

On August 9, 2012, Parillo filed a Complaint against David R. and Benjamin R. in Rhode Island state court, asserting (1) claims of breach of contract against David R. in connection with non-payment of the 30% "bonus" on the $50,000 loan, the $70,000 "late fee," and the credit card charges (Counts I, IV, and V), (2) claims of breach of contract against both David R. and Benjamin R. for non-payment of the $100,000 loan and associated $30,000 "bonus" (Counts II and III), and (3) a claim of fraud against David R. related to the $100,000 loan and the credit card charges (Count VI). Parrillo then repeatedly, but unsuccessfully, attempted to have a summons and the Complaint served on David R.[3]

On October 3, 2012, Benjamin R. removed the case to this Court on the basis of diversity jurisdiction and, on October 10, 2012, he sought to have the case dismissed for lack of personal jurisdiction. Parrillo objected to Benjamin R.'s motion on November 28, 2012, to which Benjamin R. filed a reply on December 10, 2012.

On December 19, 2012, upon Benjamin R.'s request, the Court conducted a hearing on Benjamin R.'s motion to dismiss, in the course of which the parties supported their respective positions. In addition, counsel for Parrillo, for the first time, made an oral

---

[3] On November 21, 2012, the Court granted Parrillo's motion to extend the time period within which to serve David R. through April 5, 2013. (Docket # 5)

motion to conduct limited jurisdictional discovery. Counsel for Benjamin R. opposed Parrillo's motion and the Court took both motions under advisement.

On December 21, 2012, Parrillo filed a motion for leave to supplement his memorandum of law in support of his objection to Benjamin R.'s motion to dismiss, together with a supplemental affidavit by Parrillo.[4] Benjamin R. filed a memorandum in opposition to Parrillo's request on January 7, 2013.

## II.  Standard of Review

In order to hear and decide a case, "a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002) (quoting United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)).  The burden of proving that the Court has personal jurisdiction over a defendant rests with the plaintiff. Id.

In deciding a motion to dismiss for lack of personal jurisdiction, the court "may choose from among several methods for determining whether the plaintiff has met this burden." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d at 50-51

---

[4] Essentially, Parrillo sought to support his contention that he wired $100,000 to an account bearing Benjamin R.'s name, a contention that has not been expressly disputed.

(citing Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)(discussing methods of analysis)). If no evidentiary hearing is required to resolve conflicting versions of facts, application of the "prima facie" standard is appropriate. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). To meet the *prima facie* standard, the plaintiff "must make a showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" Id. (quoting U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990)). The Court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d at 675.

It is well established in the First Circuit that the plaintiff "may not rely on unsupported allegations in the pleadings to make a *prima facie* showing of personal jurisdiction." Id. (Chlebda v. H.E. Fortna & Bro. Inc., 609 F.2d 1022, 1024 (1st Cir.1979)(noting that the plaintiff "must go beyond the pleadings" and base a prima facie showing on "evidence of specific facts set forth in the record.")).

**III. Discussion**

  A. The Parties' Positions

In the motion to dismiss Parrillo's claims against him, Benjamin R. asserts that (1) apart from a personal visit ten years

5

ago, he has had no connection of any kind with Rhode Island; and (2) the Complaint fails to allege any such connection or to furnish a foundation on which personal jurisdiction may be based. Benjamin R. explains that he lives and works in California and that he has no real estate, offices, bank accounts or employees in Rhode Island, nor does he pay income taxes here or maintain a telephone listing or mailing address in this state. He also states that he "never received any funds from Mr. Parrillo while Mr. Ranes was located in the State of Rhode Island."[5]  Def.'s Mem. 6. In his supporting affidavit, Benjamin R. emphasizes that he "did not communicate with [Parrillo] at all concerning the facts underlying this suit." Def.'s Aff. ¶ 11.

On his part, Parrillo suggests that he "formed a contract with David and Benjamin Ranes as partners, or alternatively, with David Ranes as agent or apparent agent on Benjamin's behalf as principal." Pltf.'s Mem. 1. Parrillo also argues that Benjamin R. has benefitted from the contract formed by David R. in Rhode Island.

### B. Specific Jurisdiction

Personal jurisdiction may be either general or specific. In the case before the Court, only specific jurisdiction is asserted

---

[5] He does not expressly dispute, however, that he received such funds from Parrillo.

6

by the plaintiff.[6] In order to establish specific jurisdiction, a plaintiff must "satisfy two cornerstone conditions: 'first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution.'" Foster-Miller v. Babcock & Wilcox Canada, 46 F.3d at 144 (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994)). When specific jurisdiction is challenged, the Court's task is to weigh "the legal sufficiency of a specific set of interactions as a basis for personal jurisdiction." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & nn. 8-9, 104 S.Ct. 1868, 1872 & nn. 8-9, 80 L.Ed.2d 404 (1984)). Specific jurisdiction "'may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" Cossaboon v. Maine Medical Center, 600 F.3d 25, 30 (1st Cir. 2010)(quoting Pritzker v. Yari, 42 F.3d at 60); Lechoslaw v. Bank of America, N.A., 618 F.3d 49, 54 (1st Cir. 2010)("For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts.").

In order for this Court to exercise personal jurisdiction over

---

[6] Parrillo "concedes that Rhode Island does not have *general* personal jurisdiction over Benjamin." Pltf.'s Mem. 2 (emphasis in original).

Benjamin R., a California resident, due process requires that Benjamin R. have sufficient contact with Rhode Island, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). With respect to specific jurisdiction, the First Circuit has "broken the minimum contact analysis into three categories - relatedness, purposeful availment, and reasonableness:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." Adelson v. Hananel, 510 F.3d at 49.

C. This Case

Relatedness is established if there is a "demonstrable nexus" between Parrillo's claims and Benjamin R.'s forum-based activities, such that "the litigation is founded directly on those activities." Adelson v. Hananel, 652 F.3d 75, 81 (1st Cir. 2011)(quoting Hannon v. Beard, 524 F.3d 275, 280 (1st Cir. 2008)). In a contract dispute, the Court looks to "whether 'the defendant's activity in the forum state was instrumental either in the formation of the

contract or its breach.'" Adelson v. Hananel, 652 F.3d at 81 (quoting Adams v. Adams, 601 F.3d 1, 6 (1st Cir. 2010)). Benjamin R.'s assertion that he has only once been to Rhode Island on a personal visit ten years ago is undisputed and neither the Complaint nor Parrillo's argument establish that Benjamin R. engaged in forum-based activities.

With respect to purposeful availment, the question is whether Benjamin R. "has followed a course of conduct directed at the society or economy existing within [Rhode Island]," so that this Court "has the power to subject [Benjamin R.] to judgment concerning that conduct." J. McIntyre Machinery, Ltd. v. Nicastro, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011). No such conduct on the part of Benjamin R. has been asserted in the Complaint or by Parrillo's declaration.

Finally, regarding reasonableness, the Court considers (1) Benjamin R.'s burden of appearing; (2) this forum's interest in adjudicating the dispute; (3) Parrillo's interest in obtaining convenient and effective relief; (4) the judicial system's interest; and (5) the common interests of all sovereigns in promotion of substantive social policies. Adelson v. Hananel, 510 F.3d at 51.

At the hearing, Parrillo's counsel conceded that (1) only David R. came to Rhode Island in December 2010; (2) any telephone calls and/or e-mail communications regarding the $100,000 loan were

9

exchanged only between Parrillo and David R.; (3) the instruction to wire $100,000 to an account bearing the name of Benjamin R. was sent by David R. only; (4) an unsigned draft of a termination and release agreement in connection with the $100,000 loan only named Parrillo and David R. as parties; and (5) there was no evidence to support Parrillo's conclusion that David R. and Benjamin R. were in a partnership or had any kind of legal relationship. In other words, nothing in the Complaint or in Parrillo's submissions suggests that Parrillo has ever interacted with Benjamin R. In essence, Parrillo bases his assertion of personal jurisdiction on (1) the contention that David R. told Parrillo that he was in a partnership with Benjamin R.; and (2) the wiring of $100,000 to an account purportedly belonging to Benjamin R.

In sum, even if the events stated in the Complaint are taken at their face value, they are not sufficient to establish personal jurisdiction over Benjamin R. in the absence of any interaction between Parrillo and Benjamin R. or any conduct by Benjamin R. related to the claims asserted by Parrillo. Under those circumstances, it would be unreasonable for this Court to exercise personal jurisdiction over Benjamin R. Therefore, the Court concludes that Parrillo has not met his burden of establishing that this Court has personal jurisdiction over Benjamin R.

## Conclusion

For the reasons stated herein, Benjamin R.'s motion to dismiss

the claims against him for lack of personal jurisdiction is GRANTED and the claims against him are DISMISSED WITHOUT PREJUDICE. Parrillo's motion to supplement his objection is GRANTED.[7] Parrillo's motion to conduct jurisdictional discovery is DENIED as MOOT.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

January 28, 2013

---

[7] The Court reviewed and considered Parrillo's additional submission; however, as noted in Benjamin R.'s objection to the motion, Parrillo's supplemental affidavit provides no basis for establishing personal jurisdiction over Benjamin R.