UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT PARRILLO :
:
v. : C.A. No. 12-696ML
:
DAVID RANES :
BENJAMIN RANES :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion for Judgment Debtor Examination. (Document No. 44). Defendant David Ranes objects. (Document No. 47). After reviewing the parties' Memoranda and considering the arguments of counsel and the applicable law, Plaintiff's Motion is resolved as follows:

**A.     Benjamin Ranes**

In his Motion, Plaintiff requested that the Court order Benjamin Ranes to "appear and submit to a Judgment Debtor Examination before this Court." (Document No. 44 at p. 1). Benjamin Ranes was dismissed from this case due to lack of personal jurisdiction on January 29, 2013. (Document No. 16). Under Rule 69, Fed. R. Civ. P., a judgment creditor is entitled to "liberal discovery" from "any person...as provided in these rules or by the procedure of the state where the court is located." See ClearOne Commc'n Inc. v. Chiang, 276 F.R.D. 402, 404 (D. Mass. 2011). The ClearOne Court noted that, "[t]he presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment...'" Id. (citation omitted). Thus, even though Plaintiff is arguably entitled to seek discovery from non-party Benjamin Ranes, the Court does not have in personam jurisdiction over him and is not authorized

to order him to appear in Rhode Island. Therefore, the Motion for Judgment Debtor Examination is DENIED as to Benjamin Ranes.

**B. David Ranes**

In his Objection, David Ranes argues that in lieu of requiring him to appear before the Court for a Judgment Debtor Examination, the Court should order that Mr. Ranes' testimony be taken in the form of a deposition. While the Court concurs with Mr. Ranes that conducting the judgment debtor examination in open court is not the most efficient use of the Court's time, the Court does so with several important caveats. First, as made clear in the Federal Rules, Plaintiff is entitled to conduct his discovery of Mr. Ranes' assets using whatever combination of discovery methods Plaintiff deems most efficient. Plaintiff is not limited solely to conducting a deposition, as suggested by Mr. Ranes. Second, if Plaintiff decides to depose Mr. Ranes, the Court orders that the deposition be held in the District of Rhode Island at the offices of Plaintiff's attorney at a mutually agreeable date and time within twenty-one days of the date of this Order. Should Mr. Ranes fail to comply with the parameters set forth in this Order, Plaintiff may renew his request for an in-Court Judgment Debtor Examination.

SO ORDERED

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 22, 2014